IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 15-CV-16 –SMY-DGW |
| vs. | ) ) |
| D7 ROOFING, LLC, KEHER BROTHERS CONSTRUCTION, INC. and WESCLIN COMMUNITY UNIT DISTRICT #3, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendants D7 Roofing, LLC and Kehrer Brothers Construction, Inc.'s Motion to Stay (Doc. 14). The Consent Motion for Extension of Time to file Response/Reply (Doc. 26) is **GRANTED** and Plaintiff's response (Doc. 28) is deemed timely filed. For the following reasons, Defendants' Motion is **DENIED**.

This case arises out of a property insurance claim filed by Wesclin Community Unit District #3 (the "School District") for damage to the roofing systems of schools located within the district. Plaintiff alleges a breach of contract claim arising from a settlement agreement regarding the insurance claim. The Complaint was filed on January 7, 2015 (Doc. 2). Defendants filed their answer and counterclaim seeking declaratory judgment and alleging breach of contract (Doc. 13). On January 9, 2015, Defendant D7 filed a complaint against Plaintiff and Defendant Wesclin Community Unit District #3 for declaratory judgment and breach of contract in the Circuit Court of the Fourth Judicial District, Clinton County, Illinois. Defendants seek a stay of the instant action pending the outcome of the state court action based

on the *Wilton/Brillhart* abstention doctrine, or, alternatively, the *Colorado River* abstention doctrine.

Under the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims. *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009). If state and federal proceedings are parallel and the federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim. *Id*. at 716. A claim for relief is "independent" of the declaratory claim if: "1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim. If a claim satisfies this test, then the district court's "virtually unflagging obligation" to exercise jurisdiction over a non-declaratory claim is triggered." *Id*. at 717. If they are not parallel, the court may exercise its discretion under *Wilton/Brillhart* and abstain from hearing the entire action. *Id*. at 716. If the actions are parallel, however, the *Wilton/Brillhart* doctrine does not apply and, unless there are exceptional circumstances, the court must hear the independent non-declaratory claims. *Id*. To avoid piecemeal litigation, the Court should also, then, hear the declaratory claims, as well. *Id*.

The Court finds that the *Wilton/Brillhart* abstention doctrine does not apply. If the declaratory counterclaim was to be dropped from the case, this Court would still have diversity jurisdiction over Plaintiff's breach of contract claim. Thus, the declaratory relief requested in Defendants' counterclaim is not a prerequisite to resolution of Plaintiff's claim. As the non-declaratory claim is independent of the declaratory claim, this Court will also hear and decide the declaratory counterclaim.

Under the *Colorado River* abstention doctrine, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). To determine whether a stay is appropriate, the district court must undertake a two-part inquiry. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). First, the court must determine whether "the concurrent state and federal actions are actually parallel. Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir.2004). In applying these requirements, there is a "general presumption against abstention." *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir.2003).

Generally, a "…suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988) (internal quotation marks omitted). To determine whether two suits are parallel, the court examines whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues. *See Clark,* 376 F.3d at 686.

Here, although the roles of the parties are reversed in the state and federal cases, the issues remain substantially similar. Both cases arise out of the same facts and the legal issues are similar in that they involve contractual questions arising out of the disputes between the parties. Further, although, one party, Keher Brothers Construction, Inc. is only party to the federal case, the two cases appear to be parallel.

A conclusion that federal and state proceedings are parallel, however, only begins the inquiry into whether a stay is appropriate under *Colorado River*. *Tyrer*, 456 F.3d at 754. There must also be a showing of exceptional circumstances which is analyzed based on ten factors:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir.1992).

In this case, the first factor is inapplicable. However, the second factor weighs against abstention as the District Court is not inconvenient to any party. All parties litigated in this court for several months in a prior case arising out of the same facts. The parties agree that proceeding in the federal Court will not result in piecemeal litigation. Furthermore, Plaintiff filed this action several days prior to the filing of the action in state Court, so the fourth factor also weighs against abstention. While Illinois law will apply to the substantive issues in the case, in light of the other factors, this does not weigh significantly in this analysis. Although the state-court action would be adequate to protect the federal plaintiff's rights, Plaintiff was entitled to exercise its right to file in federal court.

Regarding the relative progress of the state and federal proceedings, this factor clearly weighs against abstention. The original federal case was litigated for several months during which discovery was conducted, depositions were taken and settlement conferences were held. In the instant case, all parties have entered their appearances, answers and cross claims have been filed, a scheduling order has been entered and discovery has commenced.

As both courts have concurrent jurisdiction over the matter, the eighth factor does not weigh in favor of either party. However, removal of the state court action is not available because D7 and the School District have shared citizenship. Finally, there does not appear to be anything vexatious or contrived about the federal lawsuit. Federal jurisdiction has been properly invoked and there appears to be a case in controversy that can properly be adjudicated in federal court. For the foregoing reasons, Defendants' Motion to Stay (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 28, 2015**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**